# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD KING, | CASE NO. 1:12-cv-02006-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| B. GALLARDO, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

## I.   Screening Requirement and Standard

Plaintiff Leonard King, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*
3  *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
4  indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal
6  conclusions are not. *Iqbal*, 556 U.S. at 678.

7       Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
8  resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,
9  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
10 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
11 named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks
12 omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that
13 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
14 satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572
15 F.3d at 969.

16 **II.**  **Discussion**

17     **A.**  **Allegations**

18      Plaintiff, who is currently incarcerated at San Quentin State Prison, brings this action against
19 Wasco State Prison Officer B. Gallardo, Captain D. Van Leer, and Warden John N. Katavich for
20 violating his federal and state rights to be treated fairly. Plaintiff alleges that on May 13, 2012,
21 Defendant Gallardo taunted and goaded him to fight her, displaying a "negative and violent attitude."
22 (Comp., ¶IV.) Plaintiff alleges that Defendant Van Leer failed to properly investigate, process
23 Plaintiff's inmate appeal, take action, and/or reprimand Defendant Gallardo; and Defendant Katavich
24 is responsible for all staff misconduct and for ensuring a fair appeals process.

25     **B.**  **Plaintiff's Claims**

26      Mere taunting or goading Plaintiff verbally does not rise to the level of a constitutional
27 violation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Gaut v. Sunn*, 810 F.2d 923,
28 925 (9th Cir. 1987).

Furthermore, the existence of an inmate appeals process does not create any substantive rights and Plaintiff's disagreement with how his inmate appeal was handled does not give rise to a claim for relief. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, notwithstanding the fact that Plaintiff's constitutional rights were not violated by either Defendant Gallardo or Defendant Van Leer, a necessary underpinning for a claim based on supervisory liability, Defendant Katavich may not be held liable for the actions of his subordinates under a mere theory of *respondeat superior*. *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

### III. Conclusion and Order

Plaintiff's claims against Defendants Gallardo, Van Leer, and Katavich for violating his constitutional rights fail as a matter of law. Because the deficiencies are not capable of being cured through amendment, this action shall be dismissed, with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court expresses no opinion whether Plaintiff may have redress under California law. In the absence of any viable federal claims, the Court will not exercise supplemental jurisdiction over any state law claims, should any exist. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   March 27, 2013**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE